I hereby attest and certify on 2-26-08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK



JS - 6

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA OSBORNE MCKENZIE, <br> Plaintiff, <br> v. <br> EOG RESOURCES, INC., MARK B. PAPA, CEO CHAIRMAN OF THE BOARD, <br> Defendants. | Case No. EDCV 08-00033-VAP (OPx) <br><br> **[Motions filed on January 18, 2008]** <br><br> **ORDER GRANTING MOTION TO TRANSFER VENUE** |

The Court has received and considered all papers filed in support of, and in opposition to, Defendants Motions to Transfer Venue and to Dismiss. The Motions are appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons set forth below, the Court GRANTS the Motion to Transfer and declines to rule on the Motion to Dismiss.

### I. BACKGROUND

On December 12, 2007, Plaintiff Donna Osborne McKenzie, proceeding pro se, filed a Complaint ("Compl.")

in the California Superior Court for the County of San Bernardino, naming as defendants EOG Resources, Inc. and Mark B. Papa (collectively "Defendants"). The Complaint asserts a claim for nonpayment of a mineral production payment pursuant to section 31:212.21-.23 of the Louisiana Revised Statutes. Defendants removed the case to this Court on January 11, 2008.

On January 18, 2008, Defendant EOG Resources, Inc. ("EOG") filed a Motion to Transfer Venue to the United States District Court for the Western District of Louisiana ("Mot. Transfer") and Defendant Papa filed a Motion to Dismiss. On February 6, 2007, Plaintiff filed an Opposition to the Motion to Dismiss. Defendant filed a Reply in support of both motions on February 15, 2008. Plaintiff filed an Opposition to the Motion to Transfer on February 22, 2008.[1]

## II. MOTION TO TRANSFER VENUE

A.  **Improper Venue**

Pursuant to 28 U.S.C. § 1391(a),

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or

---

[1] The Court reviewed and considered Plaintiff's untimely-filed Opposition to the Motion to Transfer.

      omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

For the purposes of venue, a corporate defendant "resides" "in any judicial district in which it is subject to personal jurisdiction. . . ." 28 U.S.C. § 1391(c).

Here, subject matter jurisdiction over Plaintiff's Complaint is founded solely on diversity of citizenship. (See Notice of Removal, filed January 11, 2008 ¶¶ 4-8.) Defendant Papa resides in Sugar Land, Texas. (Id. Ex. D, Decl. of Papa in Support of Removal ¶ 1.) Defendant EOG is deemed to reside, among other places, in Houston Texas, because its principal place of business is there, and thus it is subject to personal jurisdiction there. See Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001) (general personal jurisdiction exists when the defendant's activities within a state are "substantial, continuous and systematic.") Thus, pursuant to 28 U.S.C. § 1391(a)(1), proper venue for this case lies in the Southern District of Texas.[2]

---

[2] The Court takes judicial notice that both Sugar Land, Texas and Houston, Texas are situated in the Southern District of Texas.

Venue in the Central District of California cannot be premised on 28 U.S.C. § 1391(a)(2) because there is no evidence that a "substantial part of the events or omissions giving rise to the claim occurred" in this district. See 28 U.S.C. § 1391(a)(2). On the contrary, the "property that is the subject of the action is situated" in Jackson Parish, Louisiana. (Compl. ¶ 2.) The events and omissions giving rise to Plaintiff's claim, namely the operation of oil wells and the alleged failure to respond to Plaintiff's demands for payment, occurred in Louisiana and Texas. (Id. ¶¶ 2-7.) Thus, venue would be proper under § 1391(a)(2) in either the Western District of Louisiana[3] or the Southern District of Texas.

Finally, venue is not proper in the Central District of California pursuant to 28 U.S.C. § 1391(a)(3), because there is a "district in which the action may otherwise be brought." See 28 U.S.C. § 1391(a)(3). As explained above, venue in this case is proper in the Southern District of Texas and the Western District of Louisiana. Accordingly, venue is not proper in the Central District of California.

---

[3] The Court takes judicial notice that Jonesboro, Louisiana the seat of Jackson Parish, Louisiana, is situated in the Western District of Louisiana.

Defendant EOG argues that venue for this case is laid properly only in Louisiana, because proper venue in "cases involving title to real property" lies *only* where the subject property is located. (Mot. Transfer at 4.) Indeed, the cases cited by EOG establish the "local action rule" under which "a court sitting in one state cannot adjudicate title to land situated in a different state."[4] See Hayes v. Gulf Oil Corp., 821 F.2d 285, 290 (5th Cir. 1987) (citing Louisville & N.R.R. v. Western Union Telegraph Co., 234 U.S. 369 (1914)). A court in this circuit recently recognized the local action rule. See Durbin v. National Loan Investors, 2002 WL 31052430, *1 (N.D. Cal. 2002) (vacated on other grounds).

Courts traditionally apply the local action rule in cases where title to land is in issue. See, e.g. Hayes, 821 F.2d at 288 (holding that an action to claim title to an oil and gas lease was "local" specifically because it was "an action to try title to real property"). Here, neither party directly contests title to any property. Cf. Durbin, 2002 WL 31052430, at *1 & n.4 (holding that the local action doctrine does not apply because the plaintiff's claim arose out of a settlement agreement,

---

[4] It is unclear whether the local action doctrine runs to the jurisdiction or the venue of a court. See Trust Co. Bank v. U.S. Gypsum Co. 950 F.2d 1144, 1149 (5th Cir. 1992)

and because the plaintiff did not request an adjudication of the deed on the plaintiff's property).

Courts have also applied the rule, however, in actions such as trespass that arise from property rights but which do not directly contest title. See, e.g. Ellenwood v. Marietta Chair Co., 158 U.S. 105, 107 (1895); Livingston v. Jefferson, 15 F. Cas. 660, 667 (No. 411) (C.C. D.Va. 1811) (dismissing a claim for trespass on land in Louisiana against former president Thomas Jefferson). The Durbin court thus concluded that "local actions are those where the transactions upon which they are founded could only have occurred in the location where the real property was situated." Durbin, 2002 WL 31052430, at *1.

The Court need not decide whether the local action rule applied in this case, because the Court transfers venue to Louisiana based on other considerations. Pursuant to 28 U.S.C. § 1406(a), when a plaintiff files a case in a district where venue is improper, the district court shall dismiss the case or transfer it to a district where venue is proper. 28 U.S.C. § 1406(a). As explained above, venue is improper in the Central District of California. Venue is proper in the Western District of Louisiana, however, because the property from which the dispute arises is located there. See 28 U.S.C.

§ 1406(a)(2). Moreover, the case raises questions of Louisiana law, with which a district court situated in Louisiana will be more familiar. (See Compl. ¶¶ 5-7 (arguing for damages under Louisiana's Mineral Code).)

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Transfer. Accordingly, the Court declines to rule on the Motion to Dismiss. The Court VACATES the hearing on the Motions to Dismiss and Transfer set for February 25, 2008. The clerk is directed to forward the case to the district court in the Western District of Louisiana.

Dated: February 25, 2008

*Virginia A. Phillips*
VIRGINIA A. PHILLIPS
United States District Judge