UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DONNA OSBORNE MCKENZIE** | * | **CIVIL ACTION NO. 08-0308** |
| **VERSUS** | * | **JUDGE JAMES** |
| **EOG RESOURCES, INC., ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

### ORDER

Before the court is defendant Mark B. Papa's motion to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(2) & (3). [doc. # 9]. Defendant filed his hybrid motion to dismiss while this case was still pending in California. Thus, the motion to dismiss for lack of personal jurisdiction focused upon Mr. Papa's lack of contacts with California. Now that the case has been transferred here, Mr. Papa's argument regarding his lack of minimum contacts with California is no longer relevant. Accordingly, within ten business days from the date of this order, defendant Papa shall address why his motion to dismiss for lack of personal jurisdiction should not be denied as moot.

The court further observes that the above-captioned matter was removed to federal court on the basis of diversity jurisdiction. 28 U.S.C. §1332. When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)(citation omitted)(emphasis in citing source). This rule requires "strict adherence." *Id*. For individual parties, the courts have equated domicile with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir.

1974). "Domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Here, the instant record does not reveal the *domicile* of the individual defendant, Mr. Papa. (Notice of Removal, ¶ 4).[1]

Accordingly, within ten business days from the date of this order, defendants are granted leave of court to file an amended notice of removal which establishes diversity jurisdiction. *See*, 28 U.S.C. §1653.

If defendants fail to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of April, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[1] The Notice of Removal also does not allege plaintiff's domicile. However, her domicile may be gleaned from the petition. (Petition, Preamble).