UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DONNA OSBORNE MCKENZIE** | * | **CIVIL ACTION NO. 08-0308** |
| **VERSUS** | * | **JUDGE JAMES** |
| **EOG RESOURCES INC., ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

### ORDER

On January 18, 2008, defendant, EOG Resources, Inc., filed a motion to transfer or stay the case due to plaintiff's failure to join indispensable parties. (*See*, doc. #s 11-12). On February 25, 2008, the California court transferred the case to this court. (February 25, 2008, Order [doc. # 24]). On April 15, 2008, EOG filed a supplemental memorandum in support of its "Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19." (Suppl. Memo. [doc. # 38]). Although it is not apparent from the record that EOG sought *dismissal* for failure to join indispensable parties, defendant did raise the issue. Moreover, courts may consider the issue sua sponte. *MasterCard Intern. Inc. v. Visa Intern. Service Ass'n, Inc.*, 471 F.3d 377, 382-383 (2nd Cir. 2006) (citing *inter alia*, *Pickle v. Int'l Oilfield Divers, Inc.*, 791 F.2d 1237, 1242 (5th Cir.1986)).[1]

Rule 19 provides that

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

> **(1) Required Party**. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(1).

In the case *sub judice*, plaintiff alleges that she is the owner of an undivided mineral interest on property located in Jackson Parish, Louisiana. (Petition, ¶ 2). Plaintiff further alleges that EOG operates several gas wells on her property, but that the company has not paid her production payments or royalties on the gas production. (*See*, Petition, ¶ 5). Plaintiff seeks recovery against EOG for double the amount of the unpaid production payments or royalties in accordance with Louisiana law, Louisiana Revised Statute 31:212.21, *et seq*. *Id*. at ¶¶ 5-7.

The record contains evidence, however, that plaintiff is involved in ongoing litigation in Louisiana state court with her siblings concerning her title to the property at issue. (Declaration of Kathleen Insley, Notice of Removal Exh.). The Second Judicial District Court for the Parish of Jackson, State of Louisiana has issued at least two judgments addressing the division of ownership between plaintiff and her siblings. (*See*, *Osborne v. McKenzie*, 962 So.2d 501 (La.

App. 2nd Cir. 2007);[2] *Osborne v. McKenzie*, Case No. 30,398 Judgment (2nd JDC Feb. 26, 2008), Def. Exh. 2 [doc. # 38]). The most recent judgment held that Donna Osborne McKenzie, Johnny Osborne, Alverne Osborne Barnes, and Linda Osborne Woods each owned an undivided 1/4 interest in one or more tracts of land presumably located in Jackson Parish. However, the instant record does not indicate whether this judgment has become final.

At the time the case was removed to federal court, EOG represented that it had withheld $ 559,451.81 in funds which are potentially due to plaintiff once she establishes a clear title to her asserted property interest. (*See*, Insley Declaration). EOG withheld the funds because of the ongoing litigation between plaintiff and her siblings regarding their respective property interests. *Id*. EOG contends that resolution of the instant case "in the absence of plaintiff's siblings may impede their ability to protect their interests or subject EOG to multiple liability." (Def. Suppl. Memo., pg. 2 [doc. # 38]). The undersigned agrees; plaintiff's siblings are parties required to be joined if feasible. Fed.R.Civ.P. 19(a); *see, Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir. 1970); *Haas v. Jefferson Nat. Bank of Miami Beach*, 442 F.2d 394, 398 (5th Cir. 1971).[3]

---

[2] The Louisiana second circuit reversed and remanded the first judgment due to the parties' failure to provide requisite notice to defendant, Donna Osborne McKenzie. *Id*.

[3] In *Schutten v. Shell Oil Co.*, plaintiff sought to evict Shell Oil Company and obtain an accounting for the removal of oil, gas, and other minerals from land in Plaquemines Parish, Louisiana. *Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir. 1970). The court, however, upheld the trial court's determination that the Orleans Levee Board was a party required to be joined if feasible because it actually possessed the property at issue, and ownership had to be decided before plaintiff's claims for trespass and accounting could be reached. *Id*.
In *Haas v. Jefferson Nat'l Bank*, plaintiff sued a Florida bank for wrongfully seizing stock shares and delivering them to a second bank as collateral for a non-party's (Glueck) loan. *Haas v. Jefferson Nat. Bank of Miami Beach*, 442 F.2d 394, 398 (5th Cir. 1971). The Fifth Circuit held that Gluek was a party who was required to be joined:
> Glueck's absence would expose the defendant Bank 'to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his

3

Accordingly, within the next 30 days from today, plaintiff shall cause her siblings, Johnny Osborne, Alverne Osborne Barnes, and Linda Osborne Woods to be served with copies of her complaint and this order pursuant to Federal Rule of Civil Procedure 4.[4] Within the same period, plaintiff shall file proof of service with the court for each of the served parties. Fed.R.Civ.P. 4(l). Failure to perfect and file returns of service within the foregoing delays may result in dismissal of the case for failure to follow court orders and/or to join indispensable parties. Fed.R.Civ.P. 41, 19, & 12(b)(7).

Within 20 days after service, each newly joined defendant shall file a responsive pleading which at a minimum: alleges his or her citizenship, admits or denies the allegations in the complaint, and sets forth any claim that the party has to the ownership interest and funds at issue in this suit. Failure to so comply may result in the court entering a default judgment against the non-appearing party which would potentially void any claim or right that the party may have to the ownership interest and funds at issue in this case.

---

claimed interest.' If Haas prevailed in this litigation in the absence of Glueck and were adjudicated owner of half of the stock, Glueck, not being bound by res adjudicata, could theoretically succeed in later litigation against the Bank in asserting ownership of the whole. In addition, a favorable resolution of Haas' claim against the Bank could, under (a)(2)(i), 'as a practical matter impair or impede (the absent party's) ability to protect (his) interest' in all of the shares- an interest that is at least apparent since all of the stock was issued in Glueck's name.

*Id*.

[4] The siblings are properly served as defendants. *See, Eikel v. States Marine Lines, Inc.*, 473 F.2d 959 (5th Cir. 1973) (discussing that preferred procedure is to designate and serve involuntary parties as defendants). However, for purposes of diversity, they may be characterized as plaintiffs. *Id*.

IT IS SO ORDERED.[5]

THUS DONE AND SIGNED at Monroe, Louisiana, this 6th day of May, 2008.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[5] As in *Eikel, supra*, it is not readily apparent why EOG did not opt to use the interpleader device to bring plaintiff's siblings into this action. *Eikel*, 473 F.2d at 964 & 966.
This order does not directly bear upon the merits of plaintiff's case. The court's finding that plaintiff's siblings are parties that must be joined if feasible does not contemplate the reasonableness of defendant's decision to withhold the funds at issue.