UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DONNA OSBORNE MCKENZIE** | * | **CIVIL ACTION NO. 08-0308** |
| **VERSUS** | * | **JUDGE JAMES** |
| **EOG RESOURCES INC., ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the district court, are two motions filed by defendant Mark B. Papa: 1) a motion to dismiss for lack of personal jurisdiction in California and/or for failure to state a claim upon which relief can be granted [doc. # 9 ]; and 2) a motion to dismiss for lack of personal jurisdiction in Louisiana [doc. # 31]. For reasons stated below, it is recommended that the motion to dismiss for lack of personal jurisdiction in California and/or for failure to state a claim upon which relief can be granted [doc. # 9] be **DENIED**, as moot, and that the motion to dismiss for lack of personal jurisdiction in Louisiana [doc. # 31] be **GRANTED**.

### Procedural History

Donna Osborne McKenzie, acting pro se, filed the instant suit on or about December 12, 2007, in the Superior Court for the County of San Bernardino, State of California. Made defendants were EOG Resources, Inc. ("EOG") and Mark G. Papa, EOG's Chief Executive Officer. McKenzie alleges that she is the owner of an undivided mineral interest on property located in Jackson Parish, Louisiana. (Petition, ¶ 2). Plaintiff further alleges that EOG operates

several gas wells on her property, but that the company has not paid her production payments or royalties on the gas production. (*See*, Petition, ¶ 5). Plaintiff seeks recovery against EOG for double the amount of the unpaid production payments or royalties in accordance with Louisiana law, Louisiana Revised Statute 31:212.21, *et seq*. *Id*. at ¶¶ 5-7. On January 11, 2008, defendants removed the case to the United States District Court for the Central District of California on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[1]

On January 18, 2008, defendant Mark G. Papa filed a hybrid motion to dismiss for lack of personal jurisdiction and/or for failure to state a claim upon relief can be granted. [doc. # 9].[2] That same day, co-defendant EOG filed a motion to stay or transfer the case to the United States District Court for the Western District Louisiana. (*See*, [doc. # 11]). In support of its motion, EOG alleged *inter alia* that Louisiana was a more convenient forum, and that there were indispensable parties to the suit who could only be joined in Louisiana. *Id*. On February 25, 2008, the California court granted the motion to transfer and ordered the case forwarded to this court. (February 25, 2008, Order Granting Motion to Transfer Venue [doc. # 24]). The transferor court declined to rule on defendant Papa's motion to dismiss. *Id*.

Following transfer, the pending motion to dismiss for lack of personal jurisdiction and/or for failure to state a claim upon which relief can be granted was referred to the undersigned

---

[1] The notice of removal did not properly set forth the citizenship of the individual parties. (Notice of Removal, ¶ 4). After prompting by the court, defendants filed an amended notice of removal which establishes diversity jurisdiction. (*See*, April 4, 2008, Order; Amend. Notice of Removal).

[2] The motion argued, *inter alia*, that Papa's contacts with California were insufficient to confer personal jurisdiction in that state.

2

magistrate judge. In response to an inquiry from the court,[3] defendants conceded that Papa's original motion to dismiss for lack of personal jurisdiction [doc. # 9] was now moot. (Defs. Response [doc. # 33]). Instead, on April 11, 2008, Papa filed a new motion to dismiss for lack of personal jurisdiction due his purported lack of minimum contacts with Louisiana. [doc. # 33]. Plaintiff filed responsive memoranda on April 11 and 18, 2008. [doc. #s 35 & 39]. The matter is now before the court.

## **Analysis**

Courts are obliged to consider personal jurisdiction before reaching the merits of a claim. *See*, *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 623 (5th Cir. 1999) (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant as long as (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state does not transgress due process protections under the United States Constitution. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Louisiana's long-arm statute extends jurisdiction to the full limits of the Constitution. *See*, La. R. S. § 13:3201(B). Accordingly, the sole issue here is whether exercising *in personam* jurisdiction over the non-resident defendant comports with federal due process.

When the court resolves a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, plaintiff need only make a prima facie showing of the jurisdictional facts. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). The court "must accept as true the uncontroverted allegations in the complaint and

---

[3] *See*, April 4, 2008, Order.

resolve in favor of the plaintiff any factual conflicts posed by the affidavits." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006).

For personal jurisdiction to satisfy due process requirements, the plaintiff must establish that "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 3/12/07) (citations omitted).

The "minimum contacts" prong divides contacts into those that give rise to general jurisdiction and those that give rise to specific jurisdiction. *Freudensprung, supra*. General jurisdiction may be exercised when a defendant's contacts with the forum state are "continuous and systematic," regardless of whether the action is related to the forum contacts. *Seiferth*, 472 F.3d at 270 (citations omitted). Specific jurisdiction applies where the non-resident defendant has relatively few contacts with the forum state, but the suit arises out of or is related to the defendant's contacts with the forum. *Id*. (citations omitted).

"A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendants [sic] contacts with the forum state." *Freudensprung, supra* (citations omitted).

Mark G. Papa averred that he is a Texas resident and domiciliary. (Affidavit of Mark G. Papa, Exh. to [doc. # 31]). He does not have an office or any bank accounts in Louisiana; he does not own, rent, or maintain any property or assets in Louisiana; he pays no taxes in this state;

and he has never personally registered to do business in Louisiana. *Id*. Papa traveled to Louisiana three times in the past two years, spending a total of three days here. *Id*. He emphasized however that none of his contacts with Louisiana involved the instant plaintiff or her asserted rights arising out of EOG's operation of natural gas wells on property located in Jackson Parish, Louisiana. *Id*. Papa has neither spoken to plaintiff nor sent written correspondence to her. *Id*. Decisions on how to respond to claims like plaintiff's are made by other EOG employees, without Papa's direct involvement. *Id*.

Defendant's uncontroverted evidence establishes that his contacts with Louisiana are limited to three brief visits over the past two years on matters unrelated to plaintiff's cause of action. One or more visits to the forum state do not constitute continuous and systematic contacts sufficient to confer personal jurisdiction. *See, Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 373 (5th Cir. 1987).

In response to defendant's motion, plaintiff did not adduce any evidence or identify any allegations in her petition that would support a finding that Papa has the requisite minimum contacts with Louisiana. Rather, plaintiff succinctly alleged that Papa should be held accountable for EOG's actions because he is the company's CEO and Chairman of the Board. (Pl. Resp., [doc. # 35]). However, even if Papa transacted business in Louisiana in his capacity as an EOG corporate officer, the court cannot exercise personal jurisdiction over Papa on the basis of the corporation's contacts with the forum state. *See, Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985) (discussing fiduciary-shield doctrine).[4]

---

[4] The doctrine does not apply when the individual is the alter ego of the corporation. *Id*. Here, however, there is no evidence that Papa is the alter ego of EOG.

In sum, although the court has liberally construed plaintiff's pro se pleadings, plaintiff simply has not made a prima facie showing of jurisdictional facts (i.e. minimum contacts) sufficient to support the exercise of personal jurisdiction over defendant Papa in Louisiana.[5] Furthermore, the undersigned's resolution of defendant's motion for dismiss for lack of personal jurisdiction forecloses the necessity and authority to address Papa's alternative motion to dismiss for failure to state a claim upon which relief can be granted.[6]

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss for lack of personal jurisdiction filed by defendant Mark B. Papa [doc. # 31] be **GRANTED**, and that plaintiff's claims against said defendant be **DISMISSED**, **without prejudice**. Fed.R.Civ.P. 12(b)(2).

**IT IS FURTHER RECOMMENDED** that the motion to dismiss for lack of personal

---

[5] Having determined that no minimum contacts exist to exercise jurisdiction over Papa, the court need not consider whether such jurisdiction would violate traditional notions of fair play and substantial justice. *Moncrief Oil Intern., Inc.*, *supra*.

Rather than dismiss a defendant for lack of personal jurisdiction, the court shall, in the interest of justice, transfer the case to another district where the action may have been brought. *See*, 28 U.S.C. § 1631. In this case, however, a transfer would not be in the interest of justice because plaintiff does not appear to state a claim against defendant, Papa. *See*, footnote 6.

[6] The undersigned observes that plaintiff's petition for unpaid royalties or production payments under Louisiana law necessarily seeks recovery against the mineral lessee. *See*, La. R.S. 31:212.21, *et seq*. However, there are no factual allegations to establish that Papa was the mineral lessee or that he was otherwise personally obliged to make the royalty payments to plaintiff. Under California, Louisiana, and Texas law, a corporate officer is generally not liable for the debts or obligations of the corporation. *See*, *City of San Diego v. Pacific Beach Recreation Council, Inc.*, 2003 WL 22963093 (Cal. App. 4th Dist. 2003); *Young v. Adolph*, 821 So.2d 101, 107 (La. App. 5th Cir. 2002); and *Hassler v. Texas Gypsum Co., Inc.*, 525 S.W.2d 53, 54 -55 (Tex. Civ. App. 1975).

Although the undersigned has recommended dismissing Mr. Papa, plaintiff is reminded that Papa's dismissal has no bearing on the viability of her claims against the real defendant-in-interest, EOG.

jurisdiction and/or for failure to state a claim upon which relief can be granted [doc. # 9] filed by defendant, Mark B. Papa, be **DENIED**, as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 6th day of May, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE